March 14, 1979

## 79-16   MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

### Designation of Acting General Counsel—Federal Labor Relations Authority

The Federal Labor Relations Authority (Authority) has made an inquiry concerning the question of designating an Acting General Counsel for the Authority. In our opinion the power to make such a designation is vested in the President. The issue is one of statutory interpretation. We are addressing this memorandum to you because it involves a question of Presidential authority. Mr. Cardozo is aware of this matter. He has asked us to send a copy of this memorandum to the Federal Labor Relations Authority, which we have done.

The Federal Labor Relations Authority was originally created, by § 301 of Reorganization Plan No. 2 of 1978 (Plan), as an independent establishment in the executive branch. Section 302 of the Plan provides for a General Counsel of the Authority to be appointed by the President by and with the advice and consent of the Senate. Under § 402 of the Plan the President may fill the office of General Counsel on an interim basis until it is first filled pursuant to the provisions of the Plan or by way of recess appointment.[1] The pertinent provisions of the Plan became effective on January 1, 1979. *See* Executive Order No. 12107 of December 29, 1978.

The Civil Service Reform Act of 1978 (Act) became effective on January 11, 1979.[2] Section 701 of the Act added to title 5, United States Code, a section 7104 providing for a Federal Labor Relations Authority and a

---

[1] Section 402 reads in pertinent part as follows:

Section 402. Interim Officers. (a) The President may authorize any persons who, immediately prior to the effective date of this Plan, held positions in the Executive Branch of the Government, to act as * * * the General Counsel of the Authority, until those offices are for the first time filled pursuant to the provisions of this Reorganization Plan or by recess appointment, as the case may be.

[2] Section 907 of the Act provides that it shall take effect 90 days after its enactment. It was approved by the President on October 13, 1978.

General Counsel of the Authority. Its members and General Counsel are to be appointed by the President by and with the advice and consent of the Senate. The Act, however, does not in terms contain an interim designation authority corresponding to § 402 of the Plan.

The President gave recess appointments to two members of the Authority during the interval between the 95th and 96th Congresses. He did not, however, make such an appointment to the office of General Counsel. We have been told that the lack of a General Counsel seriously hampers the operations of the Authority. In particular, because of the close interrelation of the functions of the Authority and those of its General Counsel, the Authority is unable to issue its rules and regulations as required by the Act, 5 U.S.C. § 7134, without being joined by the General Counsel. It is our opinion that it was the intention of Congress to preserve the President's express authority under § 402 of the Plan to designate an Acting General Counsel. This intention is reflected in the transitional provisions of the Act.

Section 904 of the Act provides:

> Except as otherwise expressly provided in this Act, no provision of this Act shall be construed to—(1) limit, curtail, abolish, or terminate any function of, or authority available to, the President which the President had immediately before the effective date of this Act; * * *.

Immediately before the effective date of the Act the President clearly had the authority under § 402 of the Plan to designate an Acting General Counsel. The Act, as mentioned above, does not confer a similar authority on the President; but it does not contain any express provision to the contrary. The President therefore retains his power to make an interim designation under § 402 of the Plan, notwithstanding the subsequent coming into effect of the Act.

The same result follows from § 905 of the Act, dealing specifically with the interrelation between the Act and Reorganization Plan 2 of 1978. That section provides:

> Any provision in either Reorganization Plan Number 1 or 2 of 1978 inconsistent with any provision in this Act is hereby superseded.

There is no provision in the Act inconsistent with the President's interim designation authority under § 402 of the Plan. The mere silence of the Act with respect to a transitional provision of the Plan is plainly not an inconsistency.

As we see it, the President thus has the power under § 402 of the Plan to authorize a person who on December 31, 1978, held a position in the executive branch of the Government to act as the General Counsel of the Authority until a General Counsel is appointed by him by and with the advice and consent of the Senate.

We also note that the provisions of the Vacancy Act, 5 U.S.C. §§ 3345–3349 (in particular § 3348, which limits an interim designation to

the first 30 days of a vacancy), are not applicable to the situation at hand. First, that Act applies only to vacancies in the executive and military departments as defined in 5 U.S.C. §§ 101, 102. The Authority is not an executive or military department; it is an "independent establishment in the Executive Branch" within the scope of 5 U.S.C. § 104. Section 101 of the Plan.[3] Moreover, 5 U.S.C. § 3348 applies by its own terms only where a vacancy was filled temporarily pursuant to the provisions of the Vacancy Act. Here the designation would not be made under that Act but under the authority of § 402 of the Plan.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[3] There is no corresponding provision in the Act. This provision of the Plan, therefore, remains in effect in the absence of an inconsistent provision in the Act. *See* § 905 of the Act, *supra.*

103